**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BILLY JOE WINROW,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. CIV-10-1115-D |
| ) | |
| **A.W. MIDDLETON, Warden, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. United States District Judge Timothy D. DeGiusti had referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Currently before the Court is Plaintiff's "Temporary Restraining Order and Motion for Mandatory Injunction.[Doc. No. 23]. This case involves a misconduct conviction for bartering which Plaintiff received following the receipt of a large sum of money purportedly sent to him by his mother following the death of his father. Plaintiff seeks a preliminary injunction requiring Defendants to "hold this Plaintiff's property within the Jurisdiction of this Court until this matter is tried, or relief granted." Plaintiff's Motion, 8.

Great care must be used in the granting of interlocutory injunctive relief because of the extraordinary nature of that remedy. Commercial Security Bank v. Walker Bank & Trust Co., 456 F.2d 1352, 1356 (10th Cir. 1972). As a result, it may only be granted without notice

to the adverse parties when the procedural safeguards of Fed. R. Civ. P. 65(b) are "scrupulously honored." 11A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure 2d § 2952; see also Commercial Security Bank, 456 F.2d at 1356 ("We can only reiterate that Rule 65 must be strictly complied with.")  Those safeguards require the movant to  show that "immediate and irreparable injury, loss, or damage will result . . . before the adverse party . . . can be heard in opposition," and  certify "in writing any efforts made to give notice [to the adverse party] and the reasons why it should not be required."  Fed. R. Civ. P. 65(b).  In the declaration supporting his motion, Plaintiff does not address his efforts to notify the Defendants of the application or provide any reasons for his inability to provide such notice.  As a result, it is recommended that the motion for a temporary restraining order be denied. Commercial Security Bank, 456 F.2d at 1356 (reversing the district court's issuance of a temporary restraining order in part because the court had failed to comply with Fed. R. Civ. P. 65(b)).

To obtain a preliminary injunction, a party must establish: (1) "a substantial likelihood of success on the merits;" (2) "irreparable harm to the movant if the injunction is denied;" (3) "the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party;" and (4) "the injunction, if issued, will not adversely affect the public interest." General Motors Corp. v. Urban Gorilla, LLC, 500 F.3d 1222, 1226 (10th Cir. 2007).  Upon review of the motion  the undersigned notes that Plaintiff has not shown a substantial likelihood of success on the merits, but has instead further outlined the allegations in his complaint.  Furthermore, although the money involved has not been placed in

Plaintiff's account or returned to the sender (purported to be Plaintiff's mother), Plaintiff has failed to show that the money will not be available should he prevail in this action, and thus he has failed to show irreparable harm or that entry of a preliminary injunction would be consistent with the public interest. Likewise, as it appears that the money has not been disposed of, any threatened harm to Plaintiff is not outweighed by the harm a preliminary injunction would impose upon Defendants. Finally, the undersigned finds that Plaintiff has failed to show that the injunction he seeks is not adverse to the public interest. The Supreme Court has clearly cautioned against judicial interference with the daily administration of prisons. Turner v. Safley, 482 U.S. 78, 84-85 (1987). In Turner, the Court stated:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

482 U.S. at 84-85. The desired injunction would obviously interfere with prison administrative decisions, and would perhaps interfere with policies applicable to the maintenance and accounting for inmate funds. Under these circumstances, the public interest weighs against the issuance of a preliminary injunction.

## RECOMMENDATION

In light of the foregoing, the undersigned recommends that Plaintiff's "Temporary Restraining Order and Motion for Mandatory Injunction.[Doc. No. 23] be denied. Plaintiff is advised of the right to object to this Report and Recommendation by December 22, 2011,

in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72, by filing objections with the Clerk of Court. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose of all matters referred to the undersigned Magistrate Judge.

**ENTERED THIS 2nd day of December, 2011.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE