## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

BILLY JOE WINROW,                    )
                                     )
                    Plaintiff,       )
vs.                                  )          NO. CIV-10-1115-D
                                     )
A. W. MIDDLETON, et al.,             )
                                     )
                    Defendants.      )

## O R D E R

Plaintiff, an inmate who appears *pro se* and *in forma pauperis*, brought this action pursuant to 42 U. S. C. § 1983, alleging violations of his constitutional rights by the defendants. Pursuant to 28 U.S.C. §636(b)(1)(B), the matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings.

On January 24, 2012, the Magistrate Judge filed an Order [Doc. No. 52] ruling on Plaintiff's motion to compel discovery [Doc. No. 43].  Specifically, Plaintiff sought to compel Defendants to produce certain material pursuant to Plaintiff's request for production of documents.  In his Order, Judge Argo determined the motion was moot as to one document request, granted the motion as to a second request, and denied the motion with regard to other requests.  The motion to compel also included Plaintiff's request for appointment of counsel, and the Magistrate Judge denied that request, without prejudice to its reassertion at a later stage of the proceedings.

Now before the Court is Plaintiff's "Appeal of Magistrate's Order" [Doc. No. 54], asking this Court to review Judge Argo's ruling and again arguing that the requested documents should be produced by Defendants.  Because the Order reflects a ruling on a nondispositive pretrial matter, this Court's review is governed by 28 U. S. C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), which authorize the Court to reconsider, modify, or set aside any part of a magistrate judge's ruling on a

nondispositive pretrial matter only where the magistrate judge's order "is clearly erroneous or contrary to law."   28 U. S. C. § 636(b)(1)(A);  Fed. R. Civ. P. 72(a).

In this case, Plaintiff asserts that the defendants violated his constitutional rights because he was denied due process and equal protection in connection with administrative proceedings regarding his entitlement to three money orders sent to him.  He further contends he was denied access to the courts because he did not receive requested material needed to obtain service of process upon the defendants.  In addition, he alleges his Eighth and Fourteenth Amendment rights were violated when he was charged with misconduct in alleged retaliation for his efforts to obtain the money orders sent to him.  He also contends the denial of his receipt of the money orders constituted a denial of proper medical care because the defendants allegedly knew the money orders consisted of funds needed to obtain prescribed medical treatment.

In the Order, the Magistrate Judge discussed each of eight document requests to which Plaintiff's motion to compel was addressed in the context of Plaintiff's asserted claims and the Federal Rules of Civil Procedure governing the scope of discovery.  The Magistrate Judge correctly explained the scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1), as well as a court's authority to limit discovery under certain circumstances, as set forth in Fed. R. Civ. P. 26(b)(2)(C). *See* Order at pp. 3-4.   The Magistrate Judge then applied the appropriate provisions of Rule 26 to each document request at issue.   Each document request is recited in the Order, and the Magistrate Judge discussed the arguments of Plaintiff and Defendants with regard to each.   In doing so, he noted that Request No. 4 was moot.  Order at p. 4.   With respect to Plaintiff's Request No. 15 regarding Plaintiff's mail log, the Magistrate Judge granted Plaintiff's motion.   Although Defendants' response suggested some material had been produced in response to this request, the

2

Magistrate Judge directed them to produce any additional material responsive to Plaintiff's specific request. Order at pp. 10-11.   The Magistrate Judge denied the motion to compel production of documents responsive to Plaintiff's remaining requests. With respect to each, he explained in detail the reasons for denying the motion, and he cited relevant legal authority supporting the reasons for doing so.  Order at pp. 4-11.

Upon review, the Court finds that the Magistrate Judge's decisions regarding each item addressed in Plaintiff's motion to compel are not clearly erroneous or contrary to law.  Each is supported by relevant authority as applied to the facts of this case and the proper scope of discovery. Accordingly, pursuant to 28 U. S. C. § 636(b)(1)(a) and Fed. R. Civ. P. 72(a), there is no basis for modifying or setting aside the Order.

With regard to Plaintiff's request for appointment of counsel, the Magistrate Judge concluded the motion should be denied at this time, without prejudice to Plaintiff's right to reassert a request for counsel at a later stage of the proceedings.  In doing so, the Magistrate Judge correctly noted that district courts are granted broad discretion regarding the appointment of counsel for indigent litigants in civil proceedings. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); 28 U. S. C. § 1915(e)(1).  The Magistrate Judge correctly explained the factors to be considered in the exercise of that discretion and, applying them to this case, determined appointment of counsel is not appropriate at this time.  Order at pp. 12-13.  The Magistrate Judge's decision is not clearly erroneous or contrary to law, but is consistent with Tenth Circuit precedent.  Accordingly, there is no basis for modifying or setting aside that decision.

For the foregoing reasons, Plaintiff's appeal of the January 24, 2012 Order is denied in all respects.  Thus, the Order is affirmed in all respects, and remains in effect.  This case will proceed

3

accordingly, and continues under referral to Magistrate Judge Argo.

IT IS SO ORDERED this 9th day of April, 2012.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

4